UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVEANTE DESHAWN SMOOT,**

    **Plaintiff,**

    v.

    Case No. 2:20-cv-4502
    Chief Judge Algenon L. Marbley
    Chief Magistrate Judge Elizabeth P. Deavers

**FRANKLIN COUNTY SHERIFF'S OFFICE,** *et al.*,

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Kevante Deshawn Smoot's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's August 25, 2020, account statement reveals that he currently possesses the sum of $0.90 in his prison account, which is insufficient to pay the full filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (JCA195875) at the Butler County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the

account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

Keveante Deshawn Smoot, an inmate currently residing in the Butler County Jail and proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the Franklin County Sheriff's Office and Jackson Pike FCC II. (ECF No. 1.)

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, on November 1, 2019, presumably while housed in the Franklin County Corrections Center II,[2] Plaintiff requested to go to the law library because he was "fighting a case" and needed "better help" because his "lawyers were not doing there [sic] jobs." (ECF No. 1-1, at p. 5.) Plaintiff alleges that, in response to his request, the warden told him that he was not fighting a case and had a lawyer so he was not able to go to the law library. (*Id.*) Plaintiff names as Defendants the Franklin County Sheriff's Department and the Jackson Pike FCC II.

Plaintiff's claims are subject to dismissal because the Franklin County Sheriff's Department is not *sui juris,* and therefore, not a proper defendant. *See*, *e.g.*, *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Bey v. Elmwood Place Police Dep't*, No. 1:16cv823, 2017 WL 3821456, at *4 (S.D. Ohio Sept. 1, 2017) (agreeing that county sheriff's office "is not a separate legal entity subject to suit under § 1983" and dismissing claims against it); *Ebbing v. Butler Cty., Ohio*, No. 1:09-CV-00039, 2010 WL 596470, at *6 (S.D. Ohio Feb. 16, 2010) ("Ohio and federal courts agree that a county sheriff's department is not *sui juris.*"); *Simms v. Butler Cty. Sheriff's Office*, No. 1:16-cv-247, 2016 WL 720983, at *2 (S.D. Ohio Jan. 29, 2016) (recommending dismissal where "plaintiff's complaint against a department of the Butler County Sheriff's Office is subject to dismissal because the defendant is not *sui juris* and, therefore, lacks the capacity to be sued under

---

[2] The Franklin County Corrections Center II, or FCCC II is part of the Franklin County Sheriff's Office, Division of Corrections. It is located at 2460 Jackson Pike, Columbus, Ohio, and frequently referred to as "Jackson Pike" as Plaintiff refers to it here.

§ 1983"), *adopted*, 2016 WL 696094, at *1 (S.D. Ohio Feb. 22, 2016). Similarly, Plaintiff is unable to sue the FCCC II because it also is not an independent suable legal entity. *Cunningham v. Pierce*, No. 3:13CV00213, 2013 WL 4832800, at *3 (S.D. Ohio Sept. 10, 2013), *report and recommendation adopted,* No. 3:13CV00213, 2013 WL 5537639 (S.D. Ohio Oct. 7, 2013) (plaintiff was unable to sue county jail because it was not *sui juris*, an independent suable legal entity).

Even liberally construing Plaintiff's Complaint to construe his claims as against Franklin County pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (stating that *pro se* complaints "are be held 'to less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed") (citations omitted), these claims are still subject to dismissal. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). The United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). Here, Plaintiff alleges that he was denied access to the law library. However, Plaintiff has not pleaded any facts at all with respect to a Franklin County policy or custom that may have caused a constitutional

6

deprivation. *See generally id.* Plaintiff's claims, therefore, fail to state a claim on which relief may be granted.

Finally, even if these Defendants were subject to suit, Plaintiff has not alleged a constitutional violation. The Court construes Plaintiff's allegations about denial of access to the law library as a claim for denial of access to the courts. (*See generally* Compl.) Inmates enjoy a right of access to the courts under the First and Fourteenth Amendments to the United States Constitution. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013); *Thaddeus-x v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). This right of access prohibits "state prison officials from actively interfering with inmates' attempts to prepare legal documents[.]" *Lewis*, 518 U.S. at 350; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("Prison officials may not erect any barriers that impede an inmate's access to the courts."). However, the right "extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-x*, 175 F.3d at 391. To prevail on this claim, the inmate must "show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus–X*, 175 F.3d at 394). In other words, the inmate must demonstrate "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353; *see also Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (stating that an access to the courts claim has "unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost"). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Here, Plaintiff has failed to sufficiently allege the necessary elements of an access to the courts claim. The Complaint does not identify or describe any specific lawsuit, let alone explain whether it involved a direct appeal, habeas corpus application, or civil rights claim. *See Thaddeus-x*, 175 F.3d at 391.

In addition, Plaintiff's vague and conclusory assertions that he has a constitutional right to go to the law library or has the right to proceed *pro se* (Compl., PAGEID # 51) are insufficient to establish an actual injury. *Krouskoupf v. Muskingum Cty. Jail*, 2:19-cv-3045, 2019 WL 4345691, at *5 (S.D. Ohio Sept. 12, 2019) ("Here, Plaintiff Krouskoupf's allegations that he could not assist in his criminal defense and that his request for copies was denied fail to state a viable access-to-courts claim because such allegations fail to demonstrate that Plaintiff Krouskoupf has suffered the requisite actual injury.") (citations omitted), *report and recommendation adopted by* 2019 WL 4738140 (S.D. Ohio Sept. 27, 2019); *Branham v. Bolton*, No. 3:16-cv-P108-DJH, 2017 WL 2312479, at *6 (W.D. Ky. May 26, 2017) (dismissing claim for access to the courts where "[a]lthough Plaintiff mentions that he is 'in the post-conviction appeal process,' he does not explain how the alleged shortcomings in HCDC's legal resources hindered his efforts to pursue a specific, non-frivolous direct appeal") (citations omitted); *cf. Lewis*, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration.").

Moreover, Plaintiff alleges that he sought access to the law library because he did not believe his lawyer was doing a sufficient job. Representation by an attorney generally precludes a successful access to the courts claim. *Whiteside v. Duke*, No. 17-1106, 2019 WL 2578260, at *7 (W.D. Tenn. June 24, 2019) (dismissing inmate's access-to-courts claim where, *inter alia*, the plaintiff conceded that he was represented by an attorney).

For the reasons explained above, the named Defendants, the Franklin County Sheriff's Department and Jackson Pike FCC II, are *sui generis* and are not subject to suit.  Even if the Court liberally construed Plaintiff's Complaint to name Franklin County as the Defendant, Plaintiff has failed to state a claim against it under a *Monell* theory. Further, Plaintiff has failed to allege a violation of his right of access to the courts. It is therefore **RECOMMENDED** that Plaintiff's claims be dismissed.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff also has filed a Motion for Appointment of Counsel (ECF No. 2), which is **DENIED**.  Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606.  The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

### III.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.  Finally, Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: September 9, 2020            /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE**