IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEVEANTE DESHAWN SMOOT,** : | |
| : | Case No. 2:20-cv-4502 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| : | |
| **FRANKLIN COUNTY SHERIFF'S** : | |
| **OFFICE,** *et al.*, : | |
| : | |
| Defendants. | |

## OPINION & ORDER

### I.   INTRODUCTION

This matter is before the court on Chief Magistrate Judge Elizabeth Deavers' September 9, 2020 Report and Recommendation ("R&R"), as well as a Motion to Appoint Counsel and Remove the Magistrate Judge. (ECF Nos. 3, 6). The R&R granted Mr. Smoot's motion to proceed *in forma pauperis* under 28 U.S.C. §1915(a)(1), recommended the Motion for Appointment of Counsel (ECF No. 2) be denied, and that the Complaint (ECF. No 1) be dismissed. (ECF. No 3). Upon independent review by the Court, and for the reasons set forth below, the Court **ADOPTS** the Report and Recommendation, though for somewhat different reasons than the Magistrate Judge.

### II.   BACKGROUND

On August 24, 2020, Keveante Deshawn Smoot, an inmate in the Butler County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations as a result of being denied the right to visit the law library to "fight his case" (ECF No. 1). The Complaint requests monetary and injunctive relief. Mr. Smoot's claims his constitutional rights have been violated after being denied the right to visit the law library while detained in Franklin County Corrections Center II  ("FCCC II") in Columbus, Ohio. He contends that the denial amounts to "cruel and

1

unusual punishment." (ECF. No 1 at 51). After the Magistrate Judge issued her Report and Recommendation, Mr. Smoot filed timely objections. (ECF No. 4). In addition, he filed motions to appoint counsel and to recuse Magistrate Judge Deavers. (ECF No. 6).

### III. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." (Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C.§ 636(b)(1)(C). After that review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A claim is properly stated when it satisfies the requirements under Federal Rule of Civil Procedure 8(a). To meet this requirement, the pleader must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a detailed account of the facts is not required, a Plaintiff must present more than the elements of the cause of action that he alleges. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When this minimum complaint threshold is met, the Court should be able to draw a plausible inference from Plaintiff's complaint. *Id.* Because *pro se* litigants are held to "less stringent standards," their complaints should be "liberally construed." *Williams v. Curtin,* 631 F.3d 380 (6th Cir. 2011). The less stringent standard has a limit; "courts should not have to guess at the nature of the claim asserted." *Frengler v. GM*, 482 F.App'x 975 (6th Cir. 2012).

### IV. LAW & ANALYSIS

#### A. Failure to State a Claim

Mr. Smoot alleges that his constitutional rights were violated when he was denied access to the prison law library, amounting to a denial of access to the courts. Inmates have a right of

access to the courts under the First and Fourteenth Amendments to the United States Constitution. *Lewis v. Casey*, 518 U.S. 343 (1996). This right extends only to direct appeals, habeas corpus applications, and civil rights claims. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). To prevail, the inmate must show actual injury. *Id.* This Court disagrees with the Magistrate Judge that Mr. Smoot has not alleged necessary elements or actual injury. Denial to a prison law library could very well deprive an individual of his constitutional rights. Thus, this Court **OVERRULES** the Magistrate Judge's opinion to the extent it recommends dismissal for failure to state a claim upon which relief may be granted. Unfortunately for Mr. Smoot, however, his complaint must be dismissed for other reasons, explored below.

### B. *Sui Juris*

The Magistrate Judge concluded that Mr. Smoot cannot bring a claim against the Franklin County Sheriff's Office or the FCCC II because they are *sui juris* and not subject to suit. *Carmichael v. City of Cleveland,* 881 F. Supp. 2d 833 (N.D. Ohio 2012). Here, Mr. Smoot has filed brought his 42 U.S.C. § 1983 action against two *sui juris* entities – the Franklin County Sheriff's Office and the Franklin County Corrections Center II. Because of this, dismissal of Mr. Smoot's claims against these *sui juris* entities under Rule 12(b)(6) is appropriate. Dismissal on this ground thus moots Mr. Smoot's pending motions, but it is nevertheless prudent to evaluate their merit.

### C. Motion for Appointment of Counsel

Mr. Smoot has moved to appoint counsel. Appointment of counsel in a civil case is not a constitutional right and is only justified in exceptional circumstances. *Gallant v. Holdren*, No. 19-3400, 2020 U.S.App LEXIS 17410, at *12 (6th Cir. June 2, 2020) *citing Lanier v. Bryant,* 332 F. 3d 999, 1006 (6th Cir. 2003). Mr. Smoot has not alleged the exceptional circumstances necessary

3

to appoint counsel in this instance. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED.**

### D.  Motion for Recusal

Mr. Smoot has moved to recuse Magistrate Judge Elizabeth Deaver under 28 U.S.C. § 455(b)(1). 28 U.S.C. § 455(b)(1) provides that any justice, judge, or magistrate judge of the United States shall disqualify themselves where he or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C.S. § 455. Such prejudice "may stem from either personal or extrajudicial sources or arise during the course of current or prior proceedings. *United States v. Scherer*, No. 2:19-cv-03634, 2019 U.S. Dist LEXIS 158006, at *1 (S.D. Ohio Sep. 17, 2019). Prejudice or bias means a favorable or unfavorable disposition or opinion that is *wrongful* or inappropriate in some way, either because it rests upon knowledge that the subject ought not possess or because it is excessive in degree. *Id*. 28 U.S.C. § 455 imposes an objective standard: a judge must disqualify himself or herself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned. *Brown v. United States Gov't,* No. 2:16-CV-0358, 2017 U.S. Dist. LEXIS 78092, at *6 (S.D. Ohio May 23, 2017) *citing Burley v. Gagacki,* 834 F.3d 606, 615-16 (6th Cir. 2016). The burden of justifying disqualification falls on the party seeking recusal. *Id.*

Here, Plaintiff's bias claim is based on the fact that the Magistrate Judge is also assigned to his habeas corpus action, he "knew she would not rule right," and she has previously done "more th[a]n what was asked of her." (ECF No. 6). Plaintiff fails to allege any instances to demonstrate the Magistrate has shown actual bias or prejudice. Without more, Plaintiff has not presented anything more than a conclusory allegation. Conclusory allegations, standing alone, do not justify

the extreme remedy of recusal. *(Id. citing Lyell v. Renico,* 470 F.3d 1177, 1186 (6th Cir. 2006). That said, the judge's misconduct must be so extreme that it displays a deep-seated favoritism or antagonism that would make fair judgement impossible. *Id.* Plaintiff has not shown that here. Accordingly, Plaintiff's Motion to Recuse Magistrate Judge Deavers is **DENIED.**

## V.     CONCLUSION

The Court hereby **ADOPTS** the Report and Recommendation (ECF No. 3) based on the foregoing reasons. This action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATE: August 30, 2021**